IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:11-cr-00072 |
| v. ) | |
| ) | |
| RICHARD CHRIS WELCH, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Richard Chris Welch's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 113, 120. The Federal Public Defender has supplemented Welch's pro se request. ECF No. 123. The government opposes it. ECF No. 127. For the reasons stated herein, the court **GRANTS** Welch's motion.

I.

On January 30, 2012, Welch entered into a written plea agreement in which he pleaded guilty to one count of conspiring to manufacture more than 100 marijuana plants in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). ECF No. 37. On August 15, 2012, Welch was sentenced to 150 months of incarceration. ECF No. 57. On June 23, 2015, the court reduced Welch's sentence to 135 months pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 103. Welch has been in continuous custody since November 2, 2011, ECF No. 61 at 1, and has served more than 92 percent of his sentence. ECF No. 123 at 3. Welch is currently in a halfway house in Lebanon, Virginia, and is scheduled to be released on May 23, 2021.[1]

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Jan. 28, 2021) (search "Richard Chris Welch"); see also ECF No. 129 at 1.

Welch seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Welch is 57 years old, suffers from hypertension, and is a former smoker. ECF No. 123 at 5. Welch is also a testicular cancer survivor. Id. at 6. Due to his cancer diagnosis, Welch had one of his testes and the lymph nodes in his abdomen removed in 1990. Id. In 1991, Welch's cancer metastasized to his lungs, and he was treated with chemotherapy. Id. Welch believes that his previous cancer battle and the removal of his lymph nodes makes him immunocompromised. ECF No. 120 at 4. Welch seeks immediate release to home confinement and reduction of his sentence to time served. ECF No. 123 at 12. The government opposes any sentence reduction for Welch. ECF No. 127. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Welch's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Welch is a danger to the safety of the community.

    i.    <u>Welch has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion

3

requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Welch requested compassionate release from the warden of his facility on June 2, 2020. ECF No. 120 at 11–12. On June 5, 2020, the warden notified Welch that his request had been denied. Id. at 12. Welch then filed his first motion for compassionate release on July 7, 2020, ECF No. 113, and filed a second motion for compassionate release with this court on August 26, 2020. ECF No. 120. The government does not contest that Welch has exhausted his administrative remedies. ECF No. 127. Accordingly, the court finds that Welch has satisfied the statute's exhaustion requirements.

    ii.    <u>Welch presents extraordinary and compelling circumstances.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized

4

susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, the court finds that Welch's history of smoking, hypertension, and other medical issues, in the context of the COVID-19 pandemic, present "extraordinary and compelling reasons" to reduce his sentence. Welch is a former smoker, smoking half a package of cigarettes a day for 15 years. ECF No. 123-4 at 6. His history of smoking places him at an "increased risk of severe illness from" COVID-19.[4] He also suffers from hypertension, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he

---

[3] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020).
[4] Id.

5

contract the virus.[5] Welch also alleges that his previous cancer diagnosis has weakened his immune system and puts him at a greater risk of severe illness from COVID-19, ECF No. 120 at 4, though the CDC reports that it is currently "not known whether having a history of cancer increases your risk."[6] Because of his history of smoking, hypertension, and other health problems, the court finds that Welch has a particularized susceptibility to severe illness from COVID-19, supporting a reduction in his sentence. See, e.g., United States v. Jenkins, No. CCB-16-267, 2020 WL 7027457, at *2 (D. Md. Nov. 30, 2020) (finding that defendant's "history of smoking and his numerous medical conditions are an extraordinary and compelling reason for his release" during the COVID-19 pandemic, but denying motion after applying the § 3553(a) factors); United States v. Williams, No. 4:17-CR-310-5, 2020 WL 7392875, at *8 (E.D. Mo. Nov. 25, 2020) (granting the defendant's compassionate release motion because "[t]he fact that Defendant is both a former smoker and has hypertension further increases his risk for severe illness from COVID-19").

The court also finds that Welch has shown that he faces a particularized risk of contracting the virus at his facility. While Welch has more autonomy in a halfway house, he is still unable to truly socially-distance himself as he would if he were residing with his fiancée given the comings and goings of the other residents at the halfway house. This court has previously granted compassionate release requests for individuals at the very same halfway

---

[5] Id.
[6] Id. Welch also claims that the removal of his lymph nodes makes him immunocompromised, which might further increase his risk of severe illness from COVID-19, but the American Cancer Society reports that "[r]emoving lymph nodes during cancer surgery is highly unlikely to weaken a person's immune system, since the immune system is large and complex and is located throughout the body." Am. Cancer Soc'y, Lymph Nodes and Cancer, https://www.cancer.org/cancer/cancer-basics/lymph-nodes-and-cancer.html (last visited Jan. 28, 2021).

6

house in Lebanon, Virginia, because of COVID-19 outbreaks in that facility. See United States v. Campbell, No. 4:08-cr-00025, 2020 WL 7630705, at *3 (W.D. Va. Dec. 22, 2020) (granting compassionate release and citing similar orders). Accordingly, the court finds that Welch has established extraordinary and compelling reasons to warrant a reduction in his sentence.

    iii.    <u>Welch is not a danger to the safety of the community and a sentence reduction is appropriate after considering the § 3553(a) factors.</u>

Having found that extraordinary and compelling reasons exist to warrant a reduction in Welch's sentence, the court must consider if Welch is a danger to the safety of another person or the community as a whole, and if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(2); see also Turner v. United States, No. 2:18-cr-128, 2020 WL 4370124, at *3 (E.D. Va. July 30, 2020) ("[T]he court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Pursuant to § 1B1.13(2), the court must consider the 18 U.S.C. § 3142(g) factors in determining whether Welch is a danger to the safety of any other person or to the community. The relevant factors include "the nature and circumstances of the offense charged"; "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." United States v. Ramirez, No. 7:16-cr-55, 2020 WL 5637402, at *3 (W.D. Va. Sept. 21, 2020) (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020)).

Welch is incarcerated because of the part he played in a sizeable marijuana manufacturing conspiracy. See ECF No. 61 at 3–8. Welch's presentence report makes clear

7

that, in addition to the marijuana he was charged with manufacturing, his sentence also reflects his possession of a firearm and his role as a leader in the offense. Id. at 8–9. Welch also has a prior criminal history, which the court does not take lightly. But the conduct underlying Welch's instant conviction was nonviolent and his disciplinary record in prison is sparse overall and does not include any violent conduct. ECF No. 120 at 28. Welch has served over 92 percent of his current sentence, ECF No. 123 at 3, and he has taken hundreds of hours of classes while incarcerated, including taking on significant responsibility as a horticulture teacher's aide. ECF No. 120 at 23. Welch is also classified as having a low risk of recidivism. ECF No. 123-1 at 4. Based on all of these circumstances, the court finds that Welch will not pose a danger to the community upon release.

The court must also consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of a sentence reduction.

As discussed above, Welch has served over 92 percent of his sentence and has worked to better himself while incarcerated. Shaving less than four months off Welch's time in a halfway house is a minor adjustment and will not alter the sentence's deterrence to criminal

8

conduct for Welch himself or others. While the court thinks that the transitional programming at a halfway house would be valuable to Welch, the court does not think that its value outweighs the risk posed to him given his particularized susceptibility to severe illness should he contract COVID-19. Accordingly, the court finds that the § 3553(a) factors weigh in favor of compassionate release.

### III.

For these reasons, the court will **GRANT** Welch's motions for compassionate release, ECF Nos. 113, 120, 123. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 29, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.29 17:22:27
-05'00'

Michael F. Urbanski
Chief United States District Judge